UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

VINCENT PITTS,                              )    C/A No.: 4:14-cv-4273-JMC-TER
                                            )
                                            )
                        Petitioner,         )
                                            )
            vs.                             )    **Report and Recommendation**
                                            )
                                            )
WARDEN, LEE CORRECTIONAL                    )
INSTITUTION,                                )
                                            )
                        Respondent.         )
_____ )

Petitioner, Vincent Pitts (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 5, 2014. Respondent filed a motion for summary judgment on February 19, 2015, along with a return and memorandum. (Docs. #14 and #15). The undersigned issued an order filed February 19, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #16). Petitioner filed a response on March 27, 2015. (Doc. #19).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lee Correctional Institution pursuant to an order of commitment from the Clerk of Court of Newberry County. Petitioner was indicted at the December 2008 term of the Newberry County Grand Jury for distribution of crack cocaine in proximity of park (08-GS-36-0854) and for distribution of crack cocaine (08-GS-36-0855). Attachment 1, PCR Appendix at 537–38. On April 23, 2009, Petitioner was tried before the Honorable Roger L. Couch and a jury. Ray Wicker represented Petitioner at trial. Assistant Solicitor Mindy Zimmerman represented the State. The jury found Petitioner guilty as charged. Judge Couch sentenced Petitioner to incarceration for fifteen (15) years for distribution within proximity of a park and to twenty (20) years for distribution of crack cocaine (third offense), to run concurrent. Attachment 1, PCR App. at 96.

Direct Appeal

Petitioner filed a notice of appeal. On May 5, 2010, Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a final brief on Petitioner's behalf, raising the

issue "Was appellant denied his right to due process when the state improperly

introduced character evidence at trial without appellant's placing his character in

issue, by referencing the great number of criminal acts that occur in appellant's

neighborhood?" Attachment 3, Final Brief of Appellant (Direct Appeal).

On April 28, 2010, Assistant Attorney General Christina J. Catoe filed a final

brief on behalf of the State. Attachment 4, Final Brief of Respondent. On June 13,

2011, the South Carolina Court of Appeals issued an unpublished opinion affirming

Petitioner's conviction. Attachment 5, Unpublished Opinion No. 2011-UP-288 (Direct

Appeal).

Post-Conviction Relief

Petitioner filed an application for post-conviction relief (PCR) on August 1,

2011. In his PCR application, Petitioner raised the following claims:

> 10.    State concisely the grounds on which you base your allegation that
>        you are being held in custody unlawfully:
>
> (a)    Ineffective Assistance Counsel
> (b)    Conviction obtained in violation of Constitutional Rights/6 & 14 Amend.
> (3)    Inadmissible Evidence Admitted to satisfy the Chain of Custody Rule (6)
>
> 11.    State concisely and in the same order the facts which support each
>        of the grounds set out in (10):
>
> (a)
> (b)
> (c)  SEE ATTACHMENT

Attachment 1, PCR App. at 100 (errors in original). In an attachment to his application, Petitioner raised the following claim of ineffective assistance of counsel:

ISSUE (1)

Whether counsel failure to object to drug analysis report violated applicants 6 amendment right to confrontation?

> The applicant contends counsel was ineffective by not making any objections to the drug analysis report being admitted withont[sic] testimony. Moreover, applicant also says counsel should have objected to any testimony given that this was crack cocaine. As such the state had no supporting testimony which wold prive this is what the state witnesses say it was.

> The first failure of counsel to object to the admission of this analysis report violated applicants Federal and States constitutional right to confrontation. The Sixth Amendment of the United States Constitution, made applicable to the states via the Fourteenth Amendment. Similarly, S.C. Const. Art. 1 $ 14, guarantees the criminal defendant this right, In Addition, S.C. Code Ann. $ 17-23-60(1983)provides: Every person shall, at trial, shall enjoy the right to be confronted with the witnesses against him. Melendez-diaz v. Massacheusetts. 129 S.Ct. 2527 (2009).

Attachment 1, PCR App. at 103(errors in original).

The State made its return to the application on January 17, 2012. Then-Staff Attorney with the Attorney General's Office J. Rutledge Johnson filed the return. Attachment 1, PCR App. at 114.

An evidentiary hearing was convened on March 14, 2012, before the Honorable

Frank R. Addy, Jr. Attachment 1, PCR App. at 117–46. Petitioner was present and represented by J. Darrell Beckham at the hearing. The State was represented by Assistant Attorneys General J. Rutledge Johnson and David A. Spencer. By order dated April 16, 2012, and filed April 25, 2012, Judge Addy denied and dismissed the PCR application with prejudice. Attachment 1, PCR App. at 147–53.

PCR counsel filed a notice of appeal on Petitioner's behalf. On January 18, 2013, Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a Petition for Writ of Certiorari, raising the issue, "Trial counsel erred in failing to object to the admission of the chemist's drug report into evidence because the absence of the chemist at trial violated petitioner's Sixth Amendment right to confront this witness, which is consistent with the Supreme Court's holding in the fact-similar case of Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009). "Attachment 8, Petition for Writ of Certiorari (PCR Appeal).  On April 5, 2013, Johnson filed a return to the petition for writ of certiorari. In an order filed June 23, 2014, the South Carolina Court of Appeals denied the petition. Attachment 10, Order Dated June 23, 2014 (PCR Appeal). The court issued a remittitur on July 14, 2014. Attachment 11, Remittitur (PCR Appeal).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:    SEE Attachment

Supporting Facts:  SEE Attachment

(petition). In the attachment to the petition, Petitioner raised the following claim:

"Ground One"

Whether counsels failure to object to the drug Analysis Report violated applicants 6 Amendment Right to Confrontation that's Applicable to the 14th Amendment Right to Due Process of Law (fair Trial).

> (A) The applicant contends counsel was ineffective by not making any objection to the drug Analysis Report being admitted without testimony. Moreover, applicant also says counsel should have objected to any testimony given that the substance was crack cocaine. As such the state had no supporting testimony which would prove this is what the states witnesses say it was After the informant tampered it. The failure to counsel to object to the admission of the analysis Report violated applicants Federal and State Constitutional Right to Confrontation that Applicable to defendant 14th Amendment Right that Ensure a fair trial through due process of law.
>
> Before trial began the state told the trial judge and counsel the drug Analysis Report would be submitted under rule (6) without Expert testimony.
>
> When the Right is waived by counsel the entire adversial process is broken, the states cause is not being put to its proof beyond a Reasonable doubt Theres no longer a fair trial, it opens the door for prosecution to introduce futher testominal hearsay on the same subject other cumulative

Evidence supporting the states burden that prejudice defendants Right to a fair trial and impartial trial.

The trial court was never given opportunity to correct the alleged error and could not be raised on direct appeal based on counsel omission not to object. It was not preserved for appeallate review.

Even the P.C.R. Judge admitted that if counsel would have objected this would have been preserved under the U.S. Supreme Court precedents Applicant used to substantiate his claim in P.C.R. The Applicant would have had a meritious issue in the court of appeals.

Furthermore, Applicant contends the state lower and higher courts adjudication on the merit was contrary to clearly Established federal law, as determined by the Supreme Court of United States.

Anytime a Amendment such as the 6th Amendment is violated based on a state provision the defendant is automatically prejudiced. The procedurals with in the 6th Amendment is what make the 14th Amendment applicable to the defendant having a fair trial. And the procedural in the right to confrontation clearly states that "the Reliability of a statement or Evidence must be assessed in a particular manner, i.e. cross-examination or Confrontation" and the method cant be surrendered on the fact that counsel feel that a statement is reliable or Authentic, that's akin to denying a defendant a jury trial. Counsel should have been deemed ineffective based on counsels trial strategy fail below a reasonable of professionalism standard. He failed to put the states case through Adversial function. The Result of counsel error Applicant was convicted by a statement/declarant that could not be challenged at trial. The U.S. Supreme Court clearly states under the right to Confrontation any statement that's testimonial shall survive the Adversial testing process.

Petition, doc. #1 (errors in original).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's

adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues ineffective assistance of trial counsel asserting counsel erred in failing to object to the admission of the drug analysis report when there was no testimony from the analyst who created the report. This issue was raised and ruled upon at PCR. Respondent argues that the PCR court made reasonable factual findings and reasonably applied federal law.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an

unreasonable application of, clearly established Federal law; or resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor,

529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant

the right to effective assistance of counsel in a criminal prosecution. McMann v.

Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the

United States Supreme Court set forth two factors that must be considered in

evaluating claims for ineffective assistance of counsel. A petitioner must first show

that his counsel committed error. If an error can be shown, the court must consider

whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's

representation fell below an objective standard of reasonableness." Strickland, at 688.

"The proper measure of attorney performance remains simply reasonableness under

prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985)

(quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the

second prong of the inquiry, a complaining defendant must show that he was

prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional  errors,

> the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

Strickland analysis).

This issue was raised and ruled upon by the PCR court and raised in the PCR

appeal. At the PCR hearing, Petitioner testified that trial counsel stipulated to the drug

analysis being introduced into evidence and failed to object to the report concerning

the crack cocaine and to challenge the chain of custody. Trial counsel testified that he

reviewed the SLED report and found no reason to object to its introduction into

evidence. Trial counsel testified that he reviewed the audio and video tapes in which

Petitioner was clearly identifiable, he reviewed the solicitor's file, had the SLED agent

involved explain the report to him, and he spoke with the officer who delivered the

crack cocaine from the scene to SLED in a sealed bag. He testified that the chain of

11

custody was complete and the SLED report was authentic, that SLED could have had

the chemist there very easily, and thus there was no need for the chemist to testify at

trial. He testified that the report would have been admitted and an objection would

have been frivolous.

The PCR court held as follows:

> Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). *See also* Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) and McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003). Counsel articulated valid strategic reasons for not objecting to the admission of the SLED report because the report was authentic and the chain of custody was complete. The applicant has not shown that counsel was deficient in that choice of tactics.

Additionally, under Rule 6 S.C.R.Crim.P., a SLED report maybe admitted into evidence without the chemist being present in court provided:

> (1) the report, at a minimum, identifies each item tested, the kind of test or tests conducted on each item, and the chemist's or analyst's conclusion whether the item is or contains a controlled or other regulated substance (to include weight or quantity, if appropriate) in language which can be understood by a juror without the necessity for expert testimony; and,

> (2) the report is accompanied by an affidavit of the chemist or analyst who performed the test or tests that:

> (A) he or she is certified by SLED as qualified under

> standards approved by SLED to analyze those substances;
>
> (B) sets forth his or her training and experience as a chemist or analyst, to include the number of times he or she has been qualified as an expert witness and testified in court; and,
>
> (C) he or she conducted the test or tests shown on the report using procedures approved by SLED and that the report accurately reflects his or her opinion regarding the results of those tests.

S.C.R.Crim.P.6

> In the case at bar, Counsel testified that he was provided with an authentic copy of the SLED report. He also testified he spoke with Officer Bouknight, who took the crack cocaine from the scene to SLED in a sealed evidence bag. SLED then produced a drug analysis indicating the substance tested positive for crack cocaine. Additionally, Counsel testified since the chain of custody was complete and the SLED report was authentic, there was no need for the chemist to testify at trial. The Applicant provided no evidence at the PCR hearing to the contrary.
>
> This Court had the opportunity to observe the witnesses on the witness stand and heard their testimony. This Court also has read the trial transcript, all of which assists the Court in judging the witnesses' credibility. This Court finds the Applicant's testimony regarding Counsel's ineffectiveness is not credible while also finding Counsel's testimony is very credible. This Court finds the Applicant has failed to meet his burden of proving counsel's performance was deficient or that he was prejudiced thereby. Accordingly, this allegation is denied.

(Tr. 150-151).

The Strickland standard is clearly established federal law. Therefore, the

question presented is whether the state court's application was objectively reasonable

or was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

The state court held that Pitts failed to demonstrate deficient performance by his trial counsel for not raising an objection to the drug analysis report or that Pitts suffered prejudice as a result.

At the time of Petitioner's trial, the United States Supreme Court had held that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses. Crawford v. Washington, 541 U.S. 36, 54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[2] However, the Court defined "testimonial statements" as "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id. at 68. There was uncertainly whether the rule in Crawford applied to forensic lab reports until June 25, 2009, when the Court issued its decision in Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009).[3] See

---

[2] Petitioner asserts that his rights under the Confrontation Clause were violated by his trial counsel not objecting to the introduction of the drug analysis report and cites to Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), as support that he had ineffective assistance of counsel.

[3] In the dissent, Justice Kennedy along with the three other Justices stated that the Melendez-Diaz decision "swe[pt] away an accepted rule governing the admission of scientific evidence. Until today, scientific analysis could be introduced into evidence without testimony from the 'analyst' who produced it" and that this rule had "been established for at least 90 years" and "extend[ed] across at least 35 states

generally <u>Bailey v. Steele</u>, 2013 WL 4768131 (E.D. Mo. Sept. 5, 2013)(discussing

split of authority prior to <u>Melendez-Diaz</u>). The Court again further defined the rule in

<u>Bullcoming v. New Mexico,</u> 131 S.Ct. 2705, 2716-17 (2011) (Blood alcohol analysis

report, which certified that defendant's blood-alcohol concentration was well above

the threshold for aggravated driving while intoxicated under New Mexico law, and

which was introduced at trial through the testimony of an analyst who had not

performed the certification, was "testimonial" within the meaning of the Confrontation

Clause).

    In finding Pitts failed to show his trial counsel committed error by failing to

object to the introduction of the drug analysis report, the state court found trial

---

and six Federal Courts of Appeals." <u>Melendez–Diaz</u>, 129 S.Ct. at 2543 (Kennedy,
J., dissenting). <u>Crawford</u> addressed "formal statements made by a conventional
witness-one who has personal knowledge of some aspect of the defendant's guilt."
<u>Id</u>. at 2543.  The dissent further stated that there were differences between the two:
"First, a conventional witness recalls events observed in the past, while an analyst's
report contains near-contemporaneous observations of the test. An observation
recorded at the time it is made is unlike the usual act of testifying." <u>Id</u>. at 2551.
"Second, an analyst observes neither the crime nor any human action related to it.
Often, the analyst does not know the defendant's identity, much less have personal
knowledge of an aspect of the defendant's guilt." <u>Id</u>. at 2552. "Third, a
conventional witness responds to questions under interrogation. But laboratory
tests ... are not dependent upon or controlled by interrogation of any sort.... [T]hey
are [not] produced by, or with the involvement of, adversarial government officials
responsible for investigating and prosecuting crime." <u>Id</u>. (internal citation and
quotation marks omitted).  In the view of Justice Kennedy and the other dissenters,
<u>Crawford</u> "said nothing about scientific analysis or scientific analysts." <u>Id</u>. at 2555.

counsel's testimony to be very credible, including but not limited to, testimony that

he had investigated the chain of custody, that he discussed the report with the SLED

agent involved, and that SLED could have had the chemist there to testify very easily.

It also cited to Rule 6, S.C.R. Crim. P.

As set forth above, the Supreme Court law in existence at the time of Pitts' trial

did not bar the admission of the drug analysis report, based on the confrontation

clause. In other words, the law at the time did not establish that the drug analysis

report was testimonial and subject to the confrontation clause. Therefore, the state

court's application of Strickland in finding no error - reasonable under prevailing

norms - had been shown was not objectively unreasonable. Additionally, the state

court's decision was not based on an unreasonable interpretation of the facts in light

of the evidence presented in the state court proceeding. Therefore, it is recommended

that Respondent's motion for summary judgment be granted and this petition

dismissed.[4]

## **CONCLUSION**

---

[4] Further, the state court found trial counsel's testimony credible that SLED could
have very easily had the chemist there to testify. This finding is entitled to
deference and Pitts fails to show such interpretation is unreasonable. For this
reason, as well as those discussed above, Pitts fails to demonstrate the prejudice
prong of Strickland.

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #14) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,


s/Thomas E. Rogers, III

May <u>14</u>, 2015                                  Thomas E. Rogers, III
Florence, South Carolina             United States Magistrate Judge


**The parties' attention is directed to the important information on the attached notice**.