IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vincent Pitts, ) | |
| ) | Civil Action No. 4:14-cv-04273-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

      Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 21), filed on May 14, 2015, recommending that Respondent's Motion for Summary Judgment (ECF No. 14) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed without an evidentiary hearing. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation (the "Objection"). (ECF No. 23.). For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 14) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) without an evidentiary hearing.

## I. JURISDICTION

      This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

## II. FACTUAL AND PROCEDURAL BACKGROUND

      The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 21 at 2–5.) The court concludes upon its own careful

review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

### III. LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). She reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Id*. The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Relief under 28 U.S.C. § 2254*

Petitioners seeking relief pursuant to 28 U.S.C. § 2254 usually must exhaust all available state court remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). Additionally, a federal court's review of a 28 U.S.C. § 2254 petition is limited by subsection (d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Id.* at § 2254(d).

A state court's decision is contrary to clearly established federal law where it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998). And a Petitioner who brings a habeas petition in federal court must rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. §

3

2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.").

## IV. ANALYSIS

*A. Report and Recommendation*

In the Report, the Magistrate Judge evaluated the state's application of *Strickland v. Washington*, 466 U.S. 668 (1984) to Petitioner's claim of ineffective assistance of trial counsel in support of his habeas petition. (ECF No. 21 at 9–11.) Under *Strickland*, Petitioner needed to have shown not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense. *Strickland*, 466 U.S. at 668, 687, 694. The Magistrate Judge reviewed the state court's conclusion that Petitioner's claim of ineffective assistance of counsel failed under *Strickland*—specifically, that Petitioner's trial counsel did not err by not objecting to the admission of a drug analysis report into evidence without the report analyst's testimony. (ECF No. 21 at 9–11.)

In doing so, the Magistrate Judge explained that at the time of Petitioner's trial, *Crawford v. Washington* governed the standard for the admission of testimonial out-of-court statements from witnesses. *Id.* at 14–16. *Crawford*, under the Confrontation Clause of the United States Constitution's Sixth Amendment, bars admissions of testimonial out-of-court statements, unless witnesses are unavailable and defendants had a prior opportunity to cross-examine witnesses. *Crawford v. Washington*, 541 U.S. 36, 54 (2004). The Magistrate Judge further explained the U.S. Supreme Court did not explicitly acknowledge that forensic lab reports qualified as testimonial out-of-court statements under *Crawford* until June 25, 2009 in its decision, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). (ECF No. 21 at 14–16.)

4

The Magistrate Judge thus concluded that in light of the United States Supreme Court law at the time of Petitioner's trial, the state court's application of *Strickland*—clearly established federal law—was not objectively unreasonable under 28 U.S.C. § 2254 such that Petitioner's habeas petition should be granted. *Id.* at 16–17.

B. *Petitioner's Objection*

In his Objection to the Report, Petitioner essentially maintains that even under *Crawford*, his trial counsel was ineffective because he did not object to the analysis report as a testimonial document. (ECF No. 23 at 1, 3–5.) As such, he argues, his rights under the Confrontation Clause were violated because he had no prior opportunity to "confront the witness," and it was never proven that the witness was unavailable. *Id.* at 5–7. Petitioner furthermore characterizes as "frivolous" the argument that the drug analysis report could not be considered testimonial until after *Melendez-Diaz v. Massachusetts*. *Id.* at 6.

C. *The Court's Review*

After a thorough review of the Report and the record in this case, the court determines that Petitioner's objections fail. The Magistrate Judge correctly determined that *Crawford*—the governing law at the time of Petitioner's trial—did not expressly bar the admission of the drug analysis report under the Confrontation Clause. (ECF No. 21 at 16.) While the U.S. Supreme Court refused to comprehensively define "testimonial" in *Crawford*, *Crawford*, 541 U.S. at 68, it was not until *Melendez-Diaz* that the Court plainly held that admissions of laboratory reports, like the drug analysis report in the instant case, without testimony could violate the Confrontation Clause. *Melendez-Diaz*, 557 U.S. at 309–10.[1] This holding blatantly contrasts

---

[1] Furthermore, any intimation that *Melendez-Diaz* should apply retroactively is unavailing. *See, e.g.*, *Sawyer v. Clarke*, No. 1:13cv749, 2014 WL 948893, at *6 (E.D. Va. Mar. 7, 2014)

with Petitioner's assertions, (*See* ECF No. 23 at 5–7.), which, in any event, do not provide the "clear and convincing evidence" necessary under 28 U.S.C. § 2254(e)(1) to overcome the presumption of correctness of the state court's findings on collateral review.

Accordingly, the state court's determination under *Strickland* that trial counsel committed no error was not "objectively unreasonable," *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004), such that Petitioner's habeas petition under 28 U.S.C. § 2254 should be granted. The Magistrate Judge correctly concluded as much. (ECF No. 21 at 16–17.)

## V. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 14) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

---

(summarizing the numerous cases that have refused to apply *Melendez-Diaz* retroactively to cases on collateral review).

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 31, 2015
Columbia, South Carolina