# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Vincent A. Pitts, | ) | |
| | ) | Civil Action No. 4:14-cv-04273-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Lee Correctional, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court by way of Petitioner's Motion to Alter/Set Aside Judgment on this court's August 31, 2015 Order. (ECF No. 26.)

In dismissing Petitioner's habeas petition, this court concluded in that earlier Order:

> The Magistrate Judge correctly determined that *Crawford*—the governing law at the time of Petitioner's trial—did not expressly bar the admission of the drug analysis report under the Confrontation Clause. (ECF No. 21 at 16.) While the U.S. Supreme Court refused to comprehensively define "testimonial" in *Crawford*, [*Crawford v. Washington*, 541 U.S. 36, 68 2004], it was not until *Melendez-Diaz* that the Court plainly held that admissions of laboratory reports, like the drug analysis report in the instant case, without testimony could violate the Confrontation Clause. *Melendez-Diaz*, 557 U.S. at 309–10. This holding blatantly contrasts with Petitioner's assertions, (*See* ECF No. 23 at 5–7.), which, in any event, do not provide the "clear and convincing evidence" necessary under 28 U.S.C. § 2254(e)(1) to overcome the presumption of correctness of the state court's findings on collateral review.
>
> Accordingly, the state court's determination under *Strickland* that trial counsel committed no error was not "objectively unreasonable," *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004), such that Petitioner's habeas petition under 28 U.S.C. § 2254 should be granted. The Magistrate Judge correctly concluded as much. (ECF No. 21 at 16–17.)

(*Id.* at 5–6.)

This court may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if Petitioner has shown either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

In his Motion, Petitioner contends that this court has "not acknowledged [that] . . . *Crawford* forbids prosecution from submitting evidence where a defendant has not had the opportunity for cross-examination or the prosecution has failed to show unavailability when testimonial document at issue [sic]." (ECF No. 29 at 1.) Petitioner goes on to explain that because the analysis report in his case "was a [sic] ex parte out of court statement used to prosecute [him]," his counsel was ineffective for not affording him an opportunity "to preserve or deprive his own right knowingly and intelligently to cross-examine the analyst." (*Id.* at 2.)

Considering Petitioner's arguments in support of his Motion, this court first finds that he has failed to set forth any intervening change in the law or new evidence that would alter the court's decision to dismiss this action. *See Robinson*, 599 F.3d at 407. The court also is satisfied that no clear error of law or manifest injustice has resulted from its August 31, 2015 Order (ECF No. 26). *See id.* Indeed, in response to Petitioner's arguments in his Motion to Amend, this court reiterates that *Crawford* was the governing law at the time of Petitioner's trial; it was not until *Melendez-Diaz v. Massachusetts* that the United States Supreme Court determined that the Confrontation Clause also applied to the admission of analysis reports without testimony like the one in the instant case. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309–10 (2009) (considering *Crawford* five years later and clarifying that the admissions of analysis reports without testimony also could violate the Confrontation Clause); *see also, e.g.*, *Sawyer v. Clarke*,

2

No. 1:13-cv-749, 2014 WL 948893, at *6 (E.D. Va. Mar. 7, 2014) (summarizing the numerous cases that have refused to apply *Melendez-Diaz* retroactively to cases on collateral review). Therefore, the arguments of which Petitioner's Motion to Amend are comprised essentially are inapposite. Because *Crawford* was the governing law at the time of Petitioner's trial, the state court's determination under *Strickland* that trial counsel committed no error was not "objectively unreasonable," *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004), such that Petitioner's habeas petition under 28 U.S.C. § 2254 should be granted.

It is therefore **ORDERED** that Respondent's Motion to Alter/Set Aside Judgment (ECF No. 29) be **DENIED**.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

December 17, 2015
Columbia, South Carolina